1

2

3

4

5

6

7      IN THE UNITED STATES DISTRICT COURT FOR THE

8            EASTERN DISTRICT OF CALIFORNIA

9

10   HEALTHCARE WORKERS' UNION      )      CV F 05-1333 AWI DLB
     LOCAL 250, SEIU, AFL-CIO, CLC,      )
11                                      )      ORDER ADOPTING FINDINGS AND
                   Petitioner,          )      RECOMMENDATIONS
12                                      )
        v.                              )      ORDER DENYING UNION'S
13                                      )      PETITION TO VACATE THE
     AMERICAN MEDICAL RESPONSE,         )      ARBITRATION AWARD
14                                      )
                   Respondent.          )      (Documents #12, #13, & #14)
15   _____)

16

17        This is a civil action to vacate an arbitration award filed by Healthcare Workers' Union

18   Local 250, SEUI, AFL-CIO, CLC ("Union") arising out of Defendant American Medical

19   Response ("AMR")'s termination of Union members Danielle Molloy and Larry Segovia.   The

20   matter was referred to a United States Magistrate Judge for scheduling and pretrial matters.  After

21   receiving briefing from the parties, on March 31, 2006, the Magistrate Judge issued Findings and

22   Recommendations that recommended the court deny Union's motion to vacate the arbitration

23   award.   The Findings and Recommendations were served on the parties and gave notice that the

24   parties could file objections within thirty days.   On April 26, 2006, Union filed objections.   On

25   May 9, 2006, AMR filed a response to Union's objections.

26        In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C) this court has conducted a

27   de novo review of this case.   See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454

28   (9th Cir. 1983).   Because the facts and legal arguments are well known to the parties and

1  addressed by the Magistrate Judge, they will not be restated here.  Having carefully reviewed the

2  entire file, the court finds the Findings and Recommendations to be supported by the record and

3  by proper analysis.

4      As explained more fully by the Magistrate Judge, the Federal Arbitration Act ("FAA")

5  creates "a body of federal substantive law of arbitrability," enforceable in both state and federal

6  courts.  Moses H. Cone Mem. Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24, (1983);  Cohen v.

7  Wedbush, Noble, Cooke, Inc., 841 F.2d 282, 285 (1988).   Federal judicial review of arbitration

8  awards is extremely limited.  Todd Shipyards Corp. v. Cunard Line, Ltd., 943 F.2d 1056, 1060

9  (9th Cir. 1991).   At least one Circuit Court has described judicial review of an arbitration award

10 as "among the narrowest known to the law." Litvak Packing Co. v. United Food & Commercial

11 Workers, Local Union No. 7, 886 F.2d 275, 276 (10th Cir.1989).

12     Title 9 U.S.C. § 10(a)(3) allows the district court to vacate an arbitrator's decision where

13 the arbitrator was guilty of misconduct in refusing to postpone the hearing, upon sufficient cause

14 shown; or in refusing to hear evidence pertinent and material to the controversy; or of any other

15 misbehavior by which the rights of any party have been prejudiced.   "[A] court's review of the

16 arbitrator's decision to postpone or not postpone a hearing is quite limited." ARW Exploration

17 Corp. v. Aguirre, 45 F.3d 1455, 1463 (10th Cir. 1995).   An arbitrator's refusal to grant a

18 postponement is not grounds to vacate an arbitration award if there is any reasonable basis for the

19 arbitrator's considered decision not to grant a postponement.  Scott v. Prudential Sec. Inc., 141

20 F.3d 1007, 1016 (11th Cir. 1998); DVC-JPW Investors v. Gershman, 5 F.3d 1172, 1174 (8th Cir.

21 1993); Fairchild & Co. Inc. v. Richmond, F. & P .R. Co., 516 F.Supp. 1305, 1314-15

22 (D.D.C.1981).

23     Union's primary objection to the Findings and Recommendations concerns the Magistrate

24 Judge's recommendation that the court not vacate the arbitration award because the Arbitrator

25 denied a continuance.   The day before the arbitration, on May 25, 2005, Union's counsel asked

26 for a continuance during a telephonic conference because one of Union's witnesses had become

27

28                                          2

1   unavailable.   The Arbitrator denied the continuance because AMR objected, it was made for

2   unidentified medical reasons, and the arbitration hearing date had been set for two months.

3   Later that day, Union's counsel informed the Arbitrator over the phone that the witness, John

4   Van Eyck, had become unavailable due to a hernia operation on May 10, 2005.  At 3:55 p.m., the

5   Arbitrator received a fax from Union' counsel, informing her that (1) Mr. Van Eyck was a critical

6   witness and must be present to testify for Union, (2) one of the grievants was also not available,

7   and (3) Union would not appear in the absence of its witness.   The Arbitrator informed Union's

8   counsel by letter, faxed that day after 5:00 p.m., that his request for a continuance was denied.  In

9   this letter, the Arbitrator stated Mr. Van Eyck would be allowed to testify later if evidence was

10  provided that he had good cause for not being available.    No party representing Union appeared

11  at the arbitration, and the arbitration took place without Union.

12       Under this fact pattern, the court agrees with the Magistrate Judge that the Arbitrator had

13  a reasonable basis to not grant Union's request for a postponement.   The Arbitrator was given

14  little information about Mr. Van Eyck's medical condition, Mr. Van Eyck's proposed testimony,

15  and why counsel had waited until the eve of the arbitration to inform AMR and the Arbitrator of

16  the need for a postponement.   In other controversies, courts have refused to vacate an arbitration

17  award over postponement denials involving a party's "flimsy" claim of unavailability due to

18  overseas travel, see ARW Exploration Corp. v. Aguirre, 45 F.3d 1455 (10th Cir. 1995), or a

19  purported flare-up in a party's long-term, stress-related illness the evening before a scheduled

20  arbitration hearing, see Hilliard v. J.C. Bradford & Co., 229 Ga. App. 336 (1997).   Here,

21  Union's counsel gave the Arbitrator little information on which to make an informed decision

22  and the information that was given did not require a postponement.   Union's counsel informed

23  the Arbitrator that they would not appear before she even ruled on the second request for a

24  postponement.   If Union believed that it could not go forward without Mr. Van Eyck, the

25  appropriate procedure would have been to appear at the hearing and renew the request for a

26  continuance, with proper argument and supporting evidence.  Had the Arbitrator conducted the

27

28                                              3

1    hearing anyway, Union could have asked for Mr. Van Eyck to testify at a later date; a solution

2    actually proposed by the Arbitrator when she denied Union's second motion.   Ultimately, had

3    the Arbitrator conducted the hearing without allowing any opportunity for Mr. Van Eyck's

4    testimony or participation, Union's argument that the Arbitrator erred by not postponing the

5    hearing might have been viewed with sympathy by the Magistrate Judge.   However, under the

6    facts, the court must agree with the Magistrate Judge that the Arbitrator did not err in denying a

7    postponement to Union, which had offered no explanation for the late request, offered little

8    information about the need for a continuance, and blatantly refused to attend a properly noticed

9    hearing in direct contempt of the Arbitrator's decision.

10          The court does recognize that in a few cases courts have found the refusal to postpone an

11   arbitration grounds to vacate an arbitration award.  One court found that sufficient cause to

12   postpone an arbitration hearing was provided when an out-of-town party was unable to attend.

13   See Tube & Steel Corp. of America v. Chicago Carbon Steel Products, 319 F. Supp. 1302 (S.D.

14   N.Y. 1970).   Another court vacated an arbitration award when the arbitrator refused to postpone

15   when a union representative and witness became ill during the hearing.  See Allendale Nursing

16   Home, Inc. v. Local 1115 Joint Bd., 377 F. Supp. 1208 (S.D. N.Y. 1974).   Union contends this

17   case is similar to Allendale because Mr. Van Eyck was Petitioners' union representative and he

18   was unable to attend due to medical reasons.    The court disagrees.   Mr. Van Eyck did not

19   become ill during the arbitration.  Rather, his surgery was 15 days prior to Union even suggesting

20   a continuance was necessary.   Union offers no reason for the delay.   In addition, because the

21   representative in Allendale was at the hearing, the arbitrator observed the representative become

22   ill and need to leave.  In fact, the arbitrator in Allendale, stated on the record that the

23   representative had become "noticeably ill."   Id. at 1212.  Here, the arbitrator was given little

24   information about Mr. Van Eyck's condition.   Finally, the court in Allendale determined that the

25   arbitrator had abused his discretion in failing to continue the hearing.   Id. at 1214.    Allendale

26   was decided in 1974.   Under current standards, the test is not whether the arbitrator abused her

27

28                                                                      4

1  discretion in failing to continue the hearing.   The standard is whether there was a reasonable

2  basis for the arbitrator's decision not to grant a postponement.   <u>Scott</u>, 141 F.3d at 1016;

3  <u>DVC-JPW Investors</u>,  5 F.3d at 1174.   In light of Petitioners' actions, the limited information

4  given to the Arbitrator about the need for a continuance, and the timing of Petitioners' request,

5  the court must agree with the Magistrate Judge and find the Arbitrator had an adequate reason to

6  deny the postponement and proceed with the hearing.   This is especially true in light of Union's

7  failure to use its best efforts to present its case and Union's conduct in insulting the jurisdiction

8  and authority of the arbitrator by refusing to attend the hearing, questioning of the arbitrator's

9  competence, and threat that any action contrary to Union's position would certainly be reversed

10  by this court.   Thus, Union's objections do not provide a basis to not adopt the Findings and

11  Recommendations.

12        The court notes that in the motion to vacate, Union makes additional contentions on why

13  the arbitrator's decision should be vacated.   The court has reviewed these arguments, and agrees

14  with the Magistrate Judge's Findings and Recommendations.   The court focused on Union's

15  arguments regarding the failure to grant a postponement in this order because this is the issue

16  addressed in Union's objections.

17        Therefore, IT IS HEREBY ORDERED that:

18  1.     The Findings and Recommendations filed March 31, 2006, are ADOPTED IN FULL; and

19  2.     Union's petition to vacate the arbitration award is DENIED.

20

21  IT IS SO ORDERED.

22  **Dated:    June 9, 2006**                        **/s/ Anthony W. Ishii**
    9h0d30                                      UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28                                      5