IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEALTHCARE WORKERS' UNION LOCAL 250, SEIU, AFL-CIO, CLC, <br><br> Petitioner, <br><br> v. <br><br> AMERICAN MEDICAL RESPONSE, <br><br> Respondent. | CV F 05-1333 AWI DLB <br><br> ORDER DENYING MOTION FOR AWARD OF ATTORNEY'S FEES <br><br> (Document #44) |

     This is a civil action to vacate an arbitration award filed by Healthcare Workers' Union Local 250, SEUI, AFL-CIO, CLC ("Union") arising out of Defendant American Medical Response ("AMR")'s termination of Union members Danielle Molloy and Larry Segovia.  The matter was referred to a United States Magistrate Judge for scheduling and pretrial matters.  After receiving briefing from the parties, on March 31, 2006, the Magistrate Judge issued Findings and Recommendations that recommended the court deny Union's petition to vacate the arbitration award.   The parties' filed objections and responses to the Findings and Recommendations.

     In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C), this court conducted a de novo review of the case.  On June 12, 2006, the court adopted in full the March 31, 2006 Findings and Recommendations and denied Union's petition to vacate the arbitration award.

     On July 11, 2006, AMR filed a motion for an award of attorney's fees against Union in the amount of $17,160.18.  AMR contends that the court should award attorney's fees under its

equitable powers because Union filed this action in bad faith.

On August 10, 2006, Union filed an opposition. Union contends it did not bring the petition for frivolous reasons nor did it act in bad faith. Union claims it merely exercised its right to file a petition to vacate an order based on the tenable argument that the arbitrator improperly refused to grant a continuance.

On August 17, 2006, AMR filed a reply.

## DISCUSSION

Title 9 U.S.C. § 10(a)(3) allows the district court to vacate an arbitrator's decision where the arbitrator was guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown; or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced. "[A] court's review of the arbitrator's decision to postpone or not postpone a hearing is quite limited." ARW Exploration Corp. v. Aguirre, 45 F.3d 1455, 1463 (10th Cir. 1995). An arbitrator's refusal to grant a postponement is not grounds to vacate an arbitration award if there is any reasonable basis for the arbitrator's considered decision not to grant a postponement. Scott v. Prudential Sec. Inc., 141 F.3d 1007, 1016 (11th Cir. 1998); DVC-JPW Investors v. Gershman, 5 F.3d 1172, 1174 (8th Cir. 1993); Fairchild & Co. Inc. v. Richmond, F. & P .R. Co., 516 F.Supp. 1305, 1314-15 (D.D.C.1981).

The court has already determined that Union's petition, alleging the arbitrator wrongly refused the continuance, must be denied because the Arbitrator had a reasonable basis not to grant Union's request for a postponement. Based on this conclusion, the court denied the petition and ruled in favor of AMR. Now, AMR seeks attorney's fees. The parties agree that AMR is not entitled to attorney's fees under the Federal Arbitration Act or a contract between the parties. AMR contends it is entitled to attorney's fees pursuant to the court's equitable powers.

The court has the inherent power to levy sanctions, including attorneys' fees when a party has acted in "bad faith, vexatiously, wantonly, or for oppressive reasons." Roadway Express, Inc.

1 v. Piper, 447 U.S. 752, 766 (1980); Rink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001). While the
2 court's inherent power extends to all litigation abuses, the litigant must have "engaged in bad
3 faith or willful disobedience of a court's order." Chambers v. NASCO, Inc., 501 U.S. 32, 46-47
4 (1991); Fink, 239 F.3d at 992.  The Ninth Circuit has found that a party can act in bad faith in
5 failing to respect an arbitration award if the party simply refused to honor the award rather than
6 file a petition to vacate it, forcing the other side to file a petition to confirm it. Sheet Metal
7 Workers' Intern. Association Local Union No. 359 v. Madison Industries, Inc. of Arizona, 84
8 F.3d 1186, 1192 (9th Cir. 1996).

9 　　　　The court does not find Union acted in bad faith by filing the petition to vacate the
10 arbitration award.  Union did not simply ignore the arbitration award.  Rather, Union followed
11 the legal procedure authorized by the Federal Arbitration Act to "appeal" a decision with which it
12 disagreed.  In addition, Union's position was not without all legal basis.  Other courts had
13 vacated arbitration awards when the arbitrator refused a postponement.  See Allendale Nursing
14 Home, Inc. v. Local 1115 Joint Bd., 377 F. Supp. 1208 (S.D. N.Y. 1974); Tube & Steel Corp. of
15 America v. Chicago Carbon Steel Products, 319 F. Supp. 1302 (S.D. N.Y. 1970).  While the
16 court ultimately concluded the arbitrator's actions in this case did not rise to the level of abuse
17 found in these cases and the arbitrator had good reason to deny the postponement, the court
18 cannot find Union's petition to this court was made in bad faith.  Because the court cannot find
19 Union filed this action in bad faith, vexatiously, wantonly, or for oppressive reasons, AMR's
20 motion for an award of fees must be denied."

21 　　　　Therefore, IT IS HEREBY ORDERED that AMR's motion for an award of attorney's
22 fees is DENIED.  This action having been concluded, the Clerk of the Court is DIRECTED to
23 enter judgment and close the file.
24 IT IS SO ORDERED.

25 **Dated:   October 13, 2006**　　　　　　　　/s/ Anthony W. Ishii
　　9h0d30　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE